UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| IN RE: | ) | Bk. No.:  14-11065-JMD |
|     Silver Lake Hardware & Custom | ) | Chapter 11 |
|     Millwork, Inc. | ) | |
|         Debtor | ) | Hearing Date: April 21, 2015 |
| | ) | Hearing Time: 11:00 a.m. |

### DEBTOR'S MOTION FOR ORDER AUTHORIZING PRIVATE SALE OF ALL OR SUBSTANTIALLY ALL OF THE ESTATE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS

NOW COMES the Chapter 11 Debtor in Possession, Silver Lake Hardware & Custom Millwork, Inc. (hereinafter "the Debtor"), and respectfully moves this Court as follows:

### INTRODUCTION

1. Pursuant to Bankruptcy Code Sections 102, 105, 363 and 365, F.R.B.P. 2002, 6004, 9013 and 9014 and Local Bankruptcy Rule 6004-1, the Debtor requests that this Court enter the proposed Order accompanying this Motion (the "Sale Order") which will, authorize the Debtor to sell the Assets to the Buyer for $500,000.00 free and clear of all liens, claims and interests to the maximum extent permitted by law on or before April 30, 2015, without competitive bidding and attach all of the Pre-Petition liens and Replacement Liens on the Assets to the Net Proceeds of the Sale in the same order of preference and priority as they enjoyed on the Petition Date, if any.

2. If entered by the Court, the Sale Order will:

    a. Determine that the sale price of $500,000.00 is a fair and reasonable agreement for the purchase and sale of the Debtor's assets in all respects given the circumstances and that the Purchase Price is a reasonable equivalent to the reorganization value of the Purchased Assets under the circumstances and within the range that would be offered for the Assets.

1

  b. Attach any liens on the Purchased Assets held or asserted by Northway Bank to the Net Proceeds of the Sale in the same order of preference and priority that such liens enjoyed under applicable State law pending the further order of the Court.

  c. Make the Sale Order effective on entry as permitted by F.R.B.P. 6004(h).

  d. Determine that the Buyer is a good faith purchaser of the Assets within the meaning of Code Section 363(m) and grant the Buyer the protection against a reversal of the Sale Order on appeal in the absence of a stay permitted by such Section.

  e. Authorize the Debtor to sell the Purchased Assets to the Buyer for the amount of $500,000.00, consisting of $450,000.00 cash to be paid to Debtor and $50,000.00 currently subject to and in the possession of Northway Bank, free and clear of all liens, claims and interests, except for the lien of Northway Bank.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. Sections 157 and 1334. Venue of the case in this District is proper pursuant to 28 U.S.C. Sections 1408 and 1409. This matter constitutes a core proceeding pursuant to 28 U.S.C. Section 157(b)(2).

4. This Court may grant Debtor the relief requested herein pursuant to 11 U.S.C. Sections 105, 363 and 365, F.R.B.P. 6004 and 6006-1, 9013 and 9014 and D.N.H. LBR 6004-1.

## ASSET PURCHASE

5. The term Assets includes all or substantially all of the operating assets of the Debtor. The Assets include, but are not limited to, the Debtor's account receivables, machinery, equipment, inventory, general intangibles, including customer lists, goodwill, and all intellectual property, including trade names.

6. The term Assets does not include and excludes the following ("Excluded Property"): bank accounts, cash, cash equivalents, refunds, rights to refunds for any taxes for all periods, and any rights and claims of the Seller, whether known or unknown, absolute or contingent, matured or unmatured, against any person or entity, whether in tort, contract, or contingent, or otherwise, including without limitation, claims under Chapter 5 of the bankruptcy Code, claims against any directors, officers and/or employees of Seller relating to actions or failures to act at any time on or prior to the Closing and claims against directors, officers, and others for money due the Seller, including with respect to any notes receivable from any officer, director and/or employee.

7. Only Northway Bank holds liens of record against the Assets according to UCC-Lien.

8. The Debtor has a lease with De Lage Landen. The leased property includes a forklift mounted on a curtainside truck, which is currently located at 1813 Village Road, Silver Lake, NH 03875. The Buyer of the Assets, John and Joan Sherwood, will assume any liability for the lease.

9. The Debtor does not own the real estate or building in which it operates its business. The Debtor leases its business premises and building. John and Joan Sherwood are the owners of the building and real estate. John and Joan Sherwood are the Buyers of the Assets.

## PROCEDURAL HISTORY

10. On or about May 15, 2014, Northway Bank took possession of the Debtor's property located at the premises.

11. On or about May 23, 2014 (the "Petition Date"), the Debtor filed its Voluntary Petition under 11 U.S.C. Sections 101 et.seq. (the "Code") which began this Case. An order for relief was entered on the same date.

12. The First Meeting of the Creditors was held on June 25, 2014.

13. The Official Creditors' Committee was appointed on June 26, 2014. On July 17, 2014, the application to employ Bernstein, Shur, Sawyer & Nelson, PA as counsel to the Official Unsecured Creditors' Committee was granted by the Court.

14. On May 23, 2014, the Debtor filed its First Motion for Use of Cash Collateral. The Debtor has an Order granting continued use of the cash collateral through March 31, 2015.

15. The Debtor is in possession of its property and is actively and effectively operating and managing its business as Debtor in Possession pursuant to sections 1107 and 1108 of the Code.

16. On November 18, 2014, Debtor filed a Disclosure Statement. On January 13, 2015, the Court denied Debtor's Disclosure Statement and ordered the Debtor to file an amended disclosure statement. The deadline to file Debtor's amended disclosure statement is currently March 17, 2015. After the filing of this motion, Debtor will also file a Motion to Extend Deadline to File Disclosure Statement to April 30, 2015.

**BASIS FOR REQUESTED RELIEF**

17. The Debtor Silver Lake Hardware and Custom Millwork is a family-owned hardware store, with a single location at 1813 Village Road, Silver Lake, NH. The hardware store is operated on leased property, located at 1813 Village Road, Silver Lake, NH 03875. The Debtor is open six (6) days a week for business.

18. The Debtor business was started in 1982 by John and Joan Sherwood. The business was passed to John and Joan Sherwood's son Mark Sherwood and his wife Heather.

19. The Debtor is wholly owned and operated by Mark and Heather Sherwood.

20. The Debtor maintains seven (7) full-time employees and one (1) part-time employee.

21. Northway Bank is the first priority lien holder of the Debtor with a security interest

4

in the inventory, equipment and account receivables of the Debtor. The balance on the liens as of the petition filing date was $551,310.00.

22. The Debtor believes that failure of the Debtor's business at this time would result in irreparable harm to its creditors.

23. The Debtor determined in the exercise of its business judgment that the sale of substantially all of its assets in a private sale without competitive bidding is in the best interests of the Estate.

24. Code Sections 363(b) and 1107 authorize a debtor in possession "after notice and a hearing, [to] use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. Section 363(b)(1).

25. The authority to sell assets conferred upon a debtor in possession by Code Section 363(b) "include[s] a sale of all or substantially all the assets of an estate" (a "363 Sale"). *In re Coastal Cable T.V., Inc.,* 24 B.R. 609 (1st Cir. B.A.P. 1982); *In re CadKey, Inc.,* 317 B.R. 19 (D.Mass. 2004); *In re Envisionet Computer Services, Inc.,* 275 B.R. 664 (D. Me. 2002); *see also, Otto Preminger Films. Ltd. V. Ointex Entertainment, Inc. (In re Ointex Entertainment. Inc.),* 950 F. 2d 1492, 1495 (9th Cir. 1991); *In re Haven Eldercare, LLC,* 2008 WL 2690729 (Bankr. D. Conn.) (collecting cases).

26. A 363 Sale may be public or private. F.R.B.P. 6004(f)(1).

27. A bankruptcy court's power to authorize a Sale under Section 363(b) is to be exercised in the court's discretion. *See, e.g., In re WPRY-TV, Inc.,* 983 F.2d 336, 340 (1st Cir. 1993).

28. The Buyer has the financial ability and capacity to close the Sale immediately upon court approval.

29. The Buyer is John and Joan Sherwood, former owners of the Debtor business, and

parents of the current owner of the Debtor. John and Joan Sherwood also own the real estate upon which the Debtor business is operated.

30. The Buyer is an experienced business person and is familiar with the Debtor business. The Buyer understands the business operation as well as the value of the inventory and the lack of value of the inventory without the Debtor continuing to operate.

31. The proposed Sale has the support of Northway Bank.

32. The proposed Sale provides a "carve out" of $25,000.00 for Debtor's counsel and for counsel for the Creditor's Committee.

33. Debtor is proposing the following division of the "carve out": $12,500.00 for Debtor's counsel and $12,500.00 Creditor's Committee's counsel.

34. The proposed Sale provides for Northway Bank to receive $475,000.00 and release all liens against the inventory, equipment and business of the Debtor. The payment of $475,000.00 is significantly less than the amount the Debtor owes to Northway Bank.

35. Based on the industry, the constantly changing value of the inventory, the economy, and the Debtor's business operations, as well as the liens by Northway Bank and the unsecured debt, this cash offer of $450,000.00 plus the $50,000.00 in the possession of Northway Bank is in the best interests of the Estate.

36. This offer to purchase is the highest and best offer available based on the value of the inventory and the financial ability of an able buyer.

37. The Debtor believes that the Purchase Offer of $500,000.00 is more than fair market value of the Debtor's assets.

38. The Debtor has been able to continue to operate due to the fact that John and Joan Sherwood, the Buyers, do not have a long-term lease in place and have not been collecting fair

market rent for the Debtor's use of the property and building.

39. At the Cash Collateral Hearing, the Debtor originally used book value to determine the value of the Assets. The Debtor believes that the book value of the Assets is much higher than the liquidation value of the Assets. The Debtor is concerned that through either a forced liquidation sale, a Chapter 7 bankruptcy or a public sale of its inventory and assets, it will not generate $450,000.00.

40. The Debtor concedes that it is highly unlikely that it will obtain book value for the Assets at a forced or liquidated sale.

41. The Debtor is concerned that through either a forced liquidation sale, a Chapter 7 bankruptcy or a public sale of its inventory and assets, the unsecured creditors will not receive any dividend payment as Northway Bank as first secured lien holder will realize all of the net sale proceeds in satisfaction of its outstanding claim in excess of $450,000.00.

42. The Debtor is a fiduciary of the estate. The Debtor has determined, in the exercise of its business judgment, that the offer and terms to purchase the assets are fair and reasonable; and that the purchase price and terms of payment represents the fair value of the Assets.

43. In the opinion of the Debtor, the purchase price exceeds the lowest value that could be reasonably attributed to the Assets. In addition, the value of the Assets, most likely, will decline.

44. Even in the context of a proposed sale of all, or substantially all of the property of a debtor outside of a plan of reorganization, courts have approved transactions where they serve as a sound business purpose.

45. The "sound business purpose" test requires a court to consider the following factors: (a) the proportionate value of the assets to the estate as a whole; (b) the amount of time elapsed since the filing; (c) the likelihood that a plan of reorganization will be proposed and confirmed in

the near future; (d) the effect of the proposed disposition on future plans of reorganization; (e) the proceeds to be obtained from the disposition vis-a-vis any appraisals of the property; (f) which of the alternatives of use, sale or lease the proposed transaction envisions; and (g) whether the asset is increasing or decreasing in value. *Boston Generating, LLC*, 440 B.R. 302, 322 (Bankr. S.D.N.Y. 2010) (citing *Lionel,* 722 F. 2d at 1071).

46. *General Motors* added the following additional considerations (the "GM Factors"): (a) whether the estate has the liquidity to survive until confirmation of a plan; (b) whether the transaction opportunity will still exist as of the time of plan confirmation; (c) if not, whether it is likely that there will be a satisfactory alternative transaction opportunity, or a stand-alone plan alternative that is equally desirable (or better) for creditors; and (d) whether there is a material risk that by deferring a transaction, the "patient will die on the operating table.".

47. Consideration of factors identified by this and other courts compels the conclusion that the Sale should be approved by this Court because there is an articulated business justification and good, indeed compelling business reasons for the transaction. *See Boston Generating,* 440 B.R. at 322; *see also, IN re GSC, Inc.,* 2011 WL 2845180 (Bankr. S.D.N.Y.); *In re CGE Shattuck, LLC,* 254 B.R. 5,12 (Bankr. D. N.H. 2000) (adopting *Lionel* analysis; noting that the "degree of court scrutiny of proposed transactions under Section 363 must be elastic - becoming more strict and searching the nearer the transaction goes to the heart of the reorganization plan process.").

48. Debtor cannot continue to operate without new financing or additional equity.

49. With the proposed purchase price of $500,000.00 and the terms of use of the sale price in association with Northway Bank, the proposed sale seems to realize the full value of the Assets.

50. Courts have also required that the sale price be fair and reasonable and that the Sale

be the result of good faith negotiations. *See, e.g., In re Abbotts Dairies of Pa.,* 788 F.2d 143, 147-50 (3d Cir. 1986). The proposed Sale represents a great deal of effort, and is entirely consistent with Code Section 363, F.R.B.P. 6004 and the guidelines set forth in applicable case law. Since the Debtor, in the exercise of its business judgment, determined that the offer to purchase the assets is fair and reasonable, provides for a "carve out sum" for the unsecured creditors, the counsel for the Official Creditors Committee and the counsel for the Debtor, and after good faith negotiations with the secured lender, these requirements have been satisfied in this Case.

51. A prompt sale outside the normal confirmation process is essential to preserve the property of the estate and protect the creditors. It is in the best interests of the Debtor, its creditors, and its estate. The Sale will maximize the amount that the Debtor, its creditors, and its estate may realize for the value of the Assets.

52. Debtor requests authorization to sell the Purchased Assets free and clear of all liens, claims and encumbrances and other interests, subject to the provisions contained herein. Section 363(f) of the Bankruptcy Code authorizes a debtor in possession to sell property under Section 363(b) "free and clear of any interest in such property of an entity other than the estate" if one of the following conditions is satisfied:

    a. Applicable nonbankruptcy law permits the sale of such property free and clear of such interest;

    b. Such entity consents;

    c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on the property;

    d. Such interest is in bona fide dispute; or

    e. Such entity could be compelled, in a legal or equitable proceeding, to accept

a money satisfaction of such interest.

11 U.S.C. Section 363(f); *see also, In re Elliot,* 94 B.R. 343, 345 (E.D.Pa. 1988) (section 363(f) is written in the disjunctive; a court may approve a sale "free and clear" provided at least one of the subsections is met).

53. Northway Bank consents to the Sale according to the terms as provided herein.

54. The Debtor consents to the Sale.

55. In the absence of consent, the Debtor expects to be able to satisfy (a) or (d) as to each relevant lien or secured claim.

56. If any of the secured creditors asserting a security interest against the Assets is not willing to consent to the Sale of the Assets, the Court is nonetheless empowered to authorize the Sale free and clear of any such creditor's interest under subsection (f)(3) as long as that creditor receives the value of its collateral. *See In re Boston Generating, LLC,* 440 B.R. 302, 332 (Bankr. S.D.N.Y. 2010); *see also, In re Beker Indus. Com.,* 63 B.R. 474 (Bankr. S.D.N.Y. 1986); *In re Oneida Lake Dev., Inc.,* 114 B.R. 352, 356-57; *In re Collins,* 180 B.R. 447 (Bankr. E.D. Va. 1995).

57. Any non-consenting secured creditor could also be compelled to accept a money satisfaction of their respective interests pursuant to Section 363(f)(5) of the Bankruptcy Code. *Boston Generating,* 440 B.R. at 333. *See also, In re James,* 203 B.R. 449, 453 (Bankr. W.D. Mo. 1997); *In re Grand Slam U.S.C., Inc.,* 178 B.R. 460, 463-64 (E.D. Mich. 1995); *WPRY-TV, Inc.,* 143 B.R. at 321 (Bankr. D.P.R. 1991). Junior lienholders could be so compelled via a variety of state court procedures. *Boston Generating,* 440 B.R. at 333. Other courts considering this issue have also held that the "cram down" provision under the Bankruptcy Code constitutes a "legal or equitable proceeding" and permits a Sale under Section 363(f)(5). *See e.g. In re Grand Slam*

*U.S.C., Inc.,* 178 B.R. at 464; *Scherer v. Fed. Nat. Mortgage Ass'n (In re Terrace Chalet Apartments, Ltd.),* 159 B.R. 821, 829 (N.D. Ill. 1993); *In re Healthco Int'l, Inc.,* 174 B.R. 174, 176-77 (Bankr. D. Mass. 1994).

## CONCLUSION

58.	Based upon all of the foregoing, Debtor requests that this Court enter the proposed Sale Order and grant such other and further relief as may be deemed just and equitable

|  |  |
|---|---|
| Respectfully Submitted, | Silver Lake Hardware and Custom Millwork, Inc.<br>By and through its Attorneys |
| **Dated**  March 17, 2015 | /s/ Joseph M. Annutto_____<br>Joseph M. Annutto, Esq.<br>BNH 05414<br>369 Main Street<br>Nashua, NH 03060<br>603-881-9161 |